IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CRIMILDA PEREZ-SANTIAGO,<br>   Plaintiff,<br><br>      v.<br><br>VOLUSIA COUNTY, DEPARTMENT OF<br>ELECTIONS; and Ann McFall, Supervisor of<br>Elections; Karen Harris, Deputy Supervisor;<br>Frank Celeste, Registration Manager; Lisa Lewis,<br>Election Operations Manager,<br><br>   Defendants. | CIVIL ACTION NO.<br>6:08-CU-1868-ORL-28 KRS<br><br>VERIFIED COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

CRIMILDA PEREZ-SANTIAGO, Plaintiff herein, alleges:

1. CRIMILDA PEREZ-SANTIAGO hereby files this action to enforce the provisions of:

   a. Section 4(e) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973b(e), with respect to the conduct of elections in Volusia County; and

   b. Section 2 of the Voting Rights Act of 1965, with respect to the conduct of elections in Volusia County.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 1973j(d) & (f). The events relevant to this action occurred in Volusia County and Deltona, both of which is located within the United States District Court

of the Middle District of Florida. Plaintiff is a resident of Deltona and Volusia County located in the Middle District of Florida.

## PARTIES

3. Defendant VOLUSIA COUNTY DEPARTMENT OF ELECTIONS has statutory powers, duties, and responsibilities concerning the conduct of elections and creation of election districts in Volusia County, including the City of Deltona. Defendant Supervisor of Elections Ann McFall, Deputy Supervisor of Elections Karen Harris, Registration Manager Frank Celeste, and Election Operations Manager Lisa Lewis are members of the Volusia County Department of Elections. Each is sued in his or her official capacity.

4. Plaintiff Crimilda Perez-Santiago is an individual who is a U.S. citizen from Puerto Rico educated in an American-flag school in which the predominant classroom language was Spanish. Plaintiff is a registered voter in Volusia County.

## ALLEGATIONS

5. According to the 2000 Census, Volusia County had a total population of 443,343, of whom 29,111 were Hispanic (6.6%) and 13,546 (3.1%) were persons of Puerto Rican descent. Of the Volusia County Hispanic population, 46.53% were persons of Puerto Rican descent. Given the recent influx of Puerto Ricans in the Central Florida area since the 2000 census, the number of Puerto Ricans in Volusia County is expected to be higher than the numbers previously reported eight years ago.

6. Of the approximately 29,111 Hispanic persons of Puerto Rican descent residing in Volusia County, a significant number were educated in American flag schools in which the predominant classroom language was Spanish.

7. Hispanics in Volusia County have suffered and continue to suffer discrimination, including a history of discrimination and neglect in voting-related activities, and bear the effects of discrimination today.

8. The 2000 Census also showed that Hispanics in Volusia County suffer from depressed socioeconomic conditions, including less access to education.

9. Defendants have unfairly conditioned the voting rights of citizens of Puerto Rican descent, educated in American-flag schools in Puerto Rico in which the predominant classroom language was Spanish, on the ability to speak and/or understand English through the following:

    a. Upon information and belief, Defendants have never translated the actual ballot to Spanish in any election held in Volusia County, and numerous voters of Puerto Rican descent who cannot understand the ballot in English have been unable to fully exercise their voting rights. Defendants have also failed to translate into Spanish most other election materials, including general election notices concerning participation in the political and electoral processes, polling place information, letters to voters regarding registration and election-day issues, voter assistance information, and most election-related information on Volusia County's internet site. Further, the proposed constitutional amendments on the ballot are complex and difficult, if not

impossible to understand, even for native English language individuals, much less for Spanish-speakers, compounding the need for Spanish-language translation. As a result, citizens of Puerto Rican descent with limited English proficiency have had difficulty voting and/or understanding their vote because most election materials have been provided in English only.

10. Given Defendants' discriminatory practices, Plaintiff Perez-Santiago is unable to fully exercise her voting rights. She cannot understand the Volusia County ballot that is only in English – a language she does not fully comprehend. Spanish translations of the ballot are not readily available to her. Plaintiff Santiago fears voting against her wishes because of her inability to understand English when she casted her ballot on November 4, 2008 and was accordingly forced to leave several amendment votes blank.

### FIRST CAUSE OF ACTION

11. Plaintiff hereby alleges and incorporates by reference ¶¶1-10 of this Complaint.

12. Section 4(e)(1) of the Voting Rights Act prohibits Defendants from "conditioning the right to vote...on ability to read, write, understand, or interpret any matter in the English language" by persons educated in American-flag schools, including the Commonwealth of Puerto Rico, where the predominant classroom language is Spanish. See 42 U.S.C. § 1973b(e)(1).

13. Defendants conduct elections in English, as described above, and the failure to consistently provide Puerto Rican citizens with limited English proficiency with all of the election information, ballots and assistance necessary for their effective

political participation constitutes a violation of Section 4(e) of the Voting Rights Act, 42 U.S.C. § 1973b(e).

14. Unless enjoined by this Court, Defendants will continue to violate Section 4(e) of the Voting Rights Act, 42 U.S.C. § 1973b(e), by failing to consistently provide all of the election information and assistance necessary to effectively participate in the political process to citizens of Puerto Rican descent educated in American-flag schools where the predominant classroom language was Spanish.

## SECOND CAUSE OF ACTION

15. Plaintiff hereby alleges and incorporates by reference ¶¶ 1-14 of this Complaint.

16. Section 2 of the Voting Rights Act prohibits Defendants from applying or imposing any "voting qualification or prerequisite to voting or standard, practice or procedure" which results in denial or abridgement of the right to vote on account of race or color, or membership in a language minority group, including citizens of Spanish heritage. 42 U.S.C. § 1973(a).

17. The "totality of circumstances" of Defendants' actions, as described in ¶¶ 5-10, has resulted in Hispanic voters having "less opportunity than other members of the electorate to participate in the political process and to elect the representatives of their choice." 42 U.S.C. § 1973.

18. Unless enjoined by this Court, Defendants will continue to violate Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, by enforcing standards, practices, or procedures that deny Hispanic voters opportunity to participate effectively in the political process on an equal basis with other members of the electorate.

**WHEREFORE,** Plaintiff prays that this Court:

1. With respect to Plaintiff's First Cause of Action:

    a. Declare that Defendants have violated Section 4(e) of the Voting Rights Act, 42 U.S.C. § 1973b(e), by failing to provide election information, Spanish-language ballots and assistance necessary to effectively participate in the political process to citizens educated in Puerto Rico;

    b. Preliminarily and permanently enjoin the Defendants, their agents and successors in office, and all persons acting in concert with them, from failing to provide election information and Spanish-language ballots and effective assistance to citizens educated in Puerto Rico, in violation of Section 4(e) 42 U.S.C. § 1973b(e); and

    c. Requiring Defendants to devise and implement a remedial plan to ensure that citizens educated in Puerto Rico are provided bilingual election information, Spanish-language ballots and assistance consistent with Section 4(e), 42 U.S.C. § 1973b(e).

2. With respect to Plaintiff's Third Cause of Action:

    a. Declare that Defendants have violated Section 2 of the Voting Rights Act, 42 U.S.C. § 1973(a), because their actions have resulted in the denial or abridgement of the rights of Hispanic and Spanish-speaking voters;

    b. Enjoin Defendants, their agents and successors in office, and all persons acting in concert with them from implementing or applying practices and procedures that deny or abridge the rights of Hispanic and Spanish-speaking

voters in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973(a); and

c. Require Defendants to develop and implement a remedial plan that provides Hispanic and Spanish-speaking voters the opportunity to fully participate in the political process consistent with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973(a).

3. Plaintiff further requests that this Court:

a. Award Plaintiff damages, the costs and disbursements associated with the filing and maintenance of this action;

b. Award attorney's fees; and

c. Award such other equitable and further relief as the interests of justice may require, together with damages, the costs, disbursements and attorney's fees in maintaining this action.

Dated: November 4, 2008

_____
Luis Davila, Esq.
FBN 0890200
Davila & Torres P.A.
911 N. Main St. Ste. 5
Kissimmee, Florida 34744
407-933-0307

Diana S. Sen, Esq. (pro hac vice admission pending)
LatinoJustice PRLDEF
99 Hudson St. - 14th Floor
New York, NY 10013
212-219-3360
*Attorneys for Crimilda Santiago*

7

## VERIFICATION

I affirm under the penalties for perjury that the foregoing statements in the Verified Complaint are true.

DATED: November 4, 2008

*[signature]*
Crimilda Santiago