**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRIMELDA PEREZ-SANTIAGO,**

**Plaintiff,**

**-vs-**                                                            **Case No. 6:08-cv-1868-Orl-28KRS**

**VOLUSIA COUNTY DEPARTMENT OF**
**ELECTIONS; ANN McFALL, Supervisor**
**of Elections; KAREN HARRIS, Deputy**
**Supervisor; FRANK CELESTE,**
**Registration Manager; and LISA LEWIS,**
**Election Operations Manager,**

**Defendants.**
_____

# ORDER

At 3:53 p.m. today, Plaintiff filed a Verified Complaint (Doc. 1) and presented to the Clerk of Court a proposed "Order to Show Cause With a Temporary Restraining Order." Plaintiff alleged that Defendants have violated Section 4(e) of the Voting Rights Act by not providing her with a ballot written completely in the Spanish language. At 5:00 p.m., the Court entered an Order (Doc. 2) explaining that Plaintiff had failed to file a motion for temporary restraining order without notice and that the Court could not enter a temporary restraining order.

At 7:20 p.m. today, Plaintiff filed a Motion for Temporary Restraining Order (Doc. 3). In her motion, Plaintiff alleges that Defendants–election officials in Volusia County, Florida–"have unfairly conditioned the voting rights of citizens of Puerto Rican descent . . . on the ability to speak and/or understand English" and that she "fears voting against her

wishes because of her inability to understand English when she casted [sic] her ballot on November 4, 2008 and was accordingly forced to leave several amendment votes blank." (Doc. 3 at 3).  Plaintiff states that "[s]he is suffering irreparable injury by not being able to fully exercise her right to vote because she does not comprehend English on the ballot." (Id.) She seeks "immediate access to a Spanish language ballot" (id.) and contends that "[a]bsent injunctive relief, she will be deprived of the opportunity to vote in the November 2008 general election, even though she is a citizen of the United States" (id. at 4).

The decision whether to issue a temporary restraining order ("TRO") is committed to the court's discretion.  See Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).  "To be entitled to a TRO, a movant must show:  (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest."  Id.

The Motion for Temporary Restraining Order (Doc. 3) is **DENIED** because there is no relief that the court might grant that would prevent Plaintiff from suffering the harm she claims to have already suffered.  The polling places are closed, and Plaintiff alleges that she has already voted, although she could not understand those parts of the ballot pertaining to proposed amendments to the Florida Constitution.  Assuming Plaintiff is correct that she faces irreparable injury, this injury has already been suffered and cannot be prevented by a TRO.  Moreover, even if it were possible, the Court does not find that it would be an appropriate exercise of its discretion to, on the evidence before it, order Defendants to allow Plaintiff to vote again.  The motion is therefore denied insofar as it seeks emergency ex parte

relief. The Court will treat the motion as a motion for preliminary injunction and will set a briefing schedule and a hearing time by separate Order.

**DONE** and **ORDERED** in Orlando, Florida at 9:22 p.m. this 4th day of November, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party