**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRIMILDA PEREZ-SANTIAGO, VOLUSIA
COUNTY HISPANIC ASSOCIATION,
JOEL ROBLES, CARMEN FORTIS,
EDWIN FORTIS, AND MADELYN PEREZ,**

        **Plaintiffs,**

-vs-                                              Case No. 6:08-cv-1868-Orl-28KRS

**VOLUSIA COUNTY, VOLUSIA COUNTY
DEPARTMENT OF ELECTIONS, and
ANN McFALL, Volusia County
Supervisor of Elections,**

        **Defendants.**
_____

## ORDER

Five individual Plaintiffs and the Volusia County Hispanic Association ("VCHA") bring the instant action to enforce Section 4(e) of the Voting Rights Act of 1965,[1] which provides in pertinent that no person educated in an American-flag school "in which the predominant classroom language was other than English[] shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language." 42 U.S.C. § 1973b(e)(2). The Amended Complaint alleges that when the individual Plaintiffs attempted to vote in Volusia County on Election Day, November 4, 2008, they "were denied Spanish language ballots and appropriate Spanish language assistance to ensure that they were able to cast their vote effectively and

---

[1] 42 U.S.C. § 1973 et seq., as amended.

knowledgeably" and that Section 4(e) was thereby violated. (Doc. 21 ¶ 5). Named as Defendants in the Amended Complaint are Volusia County ("the County"), the Volusia County Department of Elections ("the Department"), and the Volusia County Supervisor of Elections, Ann McFall ("McFall"). The Amended Complaint states that McFall "is being sued in her official capacity." (Id. ¶ 15).

The case is before the Court on the motions to dismiss filed by the Defendants. (Docs. 23, 30, & 39). Plaintiffs have filed responses (Docs. 31, 34, & 42). Additionally, the Department of Justice has, with permission of the Court (see Docs. 33 & 35) filed a brief as Amicus Curiae (Doc. 37). The Court has considered the parties' submissions and applicable law and now issues the following rulings.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II. The Merits of the Defendants' Motions

The arguments in all three[2] of the motions filed by the Defendants—filed by the same counsel, an assistant county attorney—are largely the same. All of the Defendants contend: that Plaintiffs were required to pursue their claim via 42 U.S.C. § 1983 rather than under the Voting Rights Act directly and that Plaintiffs have failed to set forth a viable § 1983 claim; that Plaintiffs do not have standing to pursue their claim; and that Plaintiffs fail to state a claim for violation of section 4(e) of the Voting Rights Act. Defendants McFall and the Department additionally assert that they are not proper parties to this suit.[3] This last point has merit; the Court addresses it first and then proceeds to analysis of the remaining arguments with

---

[2] It is unclear to the Court why the County has filed two motions to dismiss (Docs. 30 & 39). Successive motions are not permitted by the Court. These motions are nearly identical—the only differences the Court has discerned are that (1) in the first motion the County challenged the sufficiency of service of process, while in the second—filed after a second Return of Service as to the County was filed, does not, and (2) in the second motion, the County has added a footnote (Doc. 39 at 16 n.9) addressing the DOJ's amicus brief, which was filed in the interim between the first and second of the County's motions. The Court assumes from the removal of the challenge to the sufficiency of the service of process that the County is no longer challenging the propriety of service. However, the County should not have filed a second motion after service was made merely to omit that argument; instead, it should have informed the Court and the other parties that it was withdrawing the portion of its initial motion pertaining to sufficiency of service. The filing of a nearly identical motion was not proper and has resulted in unnecessary expenditure of time by the Plaintiffs and the Court. Normally, the second motion would be stricken and the first would be deemed the operative motion; however, in light of the fact that the second motion essentially withdraws part of the first, the second will be ruled on and the first will be denied as moot. To the extent the County has used the second motion as an opportunity to "reply" to the DOJ's amicus brief, such practice is improper; replies are not permitted absent permission of the court. See M.D. Fla. Local R. 3.01(c). Thus, the Court has not considered that portion of the County's second motion.

[3] Defendant McFall also asserts that she was not properly served; however, in light of the Court's conclusion in the text infra that Defendant McFall is not a proper party to this suit, the challenge to service is moot.

regard to the County only.

### A. Proper Parties

McFall and the Department assert that there is only one appropriate Defendant here—the County—and that they should be dismissed from the suit.[4]  This point is well-taken.

Federal Rule of Civil Procedure 17(b)(3) provides that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located."  The Florida Constitution provides that "[t]he state shall be divided by law into political subdivisions called counties" and that "a county government may be established by charter."  Art. VIII, § 1(a), (c), Fla. Const.  And, pursuant to state statute, "[t]he legislative and governing body of a county shall have the power to carry on county government," including "the power to . . . [p]rovide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation."  § 125.01(1)(b), Fla. Stat.  The Volusia County Charter provides in pertinent part:

> Legal Actions Involving the County.  In any legal action by or against the county, its departments, or officers or employees of their office or employment for the county, the county as a corporate body shall be the party named and shall appear and participate in the cause on behalf of the department, officer or employee in such cause.  Wherever the tax collector, tax assessor, supervisor of elections, board of county commissioners or sheriff may or shall be parties to any legal action, the county shall be substituted as such defendant.

---

[4]Plaintiffs did not initially sue the County in this case, instead initially naming only the Department, McFall, and three other election workers. In the Amended Complaint, however, Plaintiffs named the Department, McFall, and the County but dropped the other three election workers.

-4-

Art. XIII, § 1306, Volusia County Charter. Under the express provisions of this Charter, the claims against both the Department and McFall, in her capacity as the supervisor of elections, are properly brought only against the County. The County is already named as a Defendant in this case, and the County acknowledges that it is the appropriate Defendant. The filings by all Defendants have been submitted by the same counsel. Naming all three parties as Defendants is duplicative and unnecessary. The motion to dismiss of McFall and the Department shall be granted and they shall be dismissed from this suit. The sole remaining Defendant shall be the County.

### B.  § 1983

The County argues that Plaintiffs may not sue under § 4(e) of the Voting Rights Act directly but instead must bring suit pursuant to 42 U.S.C. § 1983. Plaintiffs respond that while § 1983 might be an *appropriate* vehicle under which to bring a Voting Rights Act claim, that statute is not the *exclusive* means of raising such a claim. The Court agrees with Plaintiffs on this point.

The United States Supreme Court has recognized a private right of action under other sections of the Voting Rights Act despite the absence of statutory language especially conferring such a right. In Morse v. Republican Party of Virginia, 517 U.S. 186 (1996), the Court found that a district court erred in finding that § 10 of the Voting Rights Act—which prohibits poll taxes—authorized enforcement proceedings only by the Attorney General. The Morse Court noted the earlier holding in Allen v. State Board of Elections, 393 U.S. 544 (1969), that private parties may enforce § 5 of the Voting Rights Act (governing voting qualifications), and the Morse Court extended the Allen rationale to § 10 claims, reiterating

that "'achievement of the Act's laudable goal could be severely hampered . . . if each citizen were required to depend solely on litigation instituted at the discretion of the Attorney General.'" Morse, 517 U.S. at 232 (quoting Allen, 393 U.S. at 556) (alteration in original).

Based on the rationale of these cases, this Court finds that § 1983 need not be invoked in order for Plaintiffs to bring their § 4(e) claim. See also Katzenbach v. Morgan, 384 U.S. 641 (1966) (upholding the constitutionality of § 4(e) in a declaratory judgment suit brought—apparently directly under that section—by New York City voters). Section 4(e) includes the language "no person shall be denied the right to vote"—the very language that the Allen Court relied on finding a private right of action under § 5, noting that such language "might well prove an empty promise unless the private citizen were allowed to seek judicial enforcement of the prohibition." 393 U.S. at 557. Plaintiffs may properly bring their claims directly under § 4(e) of the Voting Rights Act.

### C. Standing

The County also contends that both the individual Plaintiffs and the organizational Plaintiff, VCHA, lack standing to pursue a claim under § 4(e).

#### i. Individual Plaintiffs

In order to have standing to sue, an individual must have "suffered 'injury in fact,'" the injury must be "'fairly traceable' to the actions of the defendant," and the injury must be likely to "be redressed by a favorable decision." Bennett v. Spear, 520 U.S. 154, 162 (1997) (quoting Lujan v. Defendants of Wildlife, 504 U.S. 555, 560-61 (1992)). The County asserts that the individual Defendants must allege " real, immediate threat of future injury" and that therefore they lack standing.

The individual Plaintiffs have alleged that they were educated in American-flag schools in which the predominant classroom language was Spanish, that they were injured by their inability to cast a meaningful vote in the November 2008 election, and that the injury was caused by the failure of the County to provide Spanish-language assistance. Moreover, they have alleged that the County's practices will likely continue unless declaratory relief is issued. These allegations are sufficient to establish the standing of the individual Plaintiffs to pursue a claim for violation of section 4(e) of the Voting Rights Act.

### ii. The Organization Plaintiff (VCHA)

An organization or association can have standing to sue on its own behalf, on behalf of its members, or both. "An organization has standing to sue on its own behalf if it meets the same standing test that applies to individuals." Ass'n of Cmty. Orgs. for Reform Now v. Fowler, 178 F.3d 350, 356 (5th Cir. 1999). On the other hand, "[a]n association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 169 (2000); see also Sierra Club v. Morton, 405 U.S. 727, 739 (1972) ("[A]n organization whose members are injured may represent those members in a proceeding for judicial review.").

The VCHA is described in the Amended Complaint as "a not for profit organization founded in 1995 to create cultural awareness and learning opportunities for people of diverse backgrounds." (Doc. 21 ¶ 12). "It is the only Hispanic membership organization in Volusia County and represents the interests of Hispanics of Volusia County" and its "mission is to

unite and assist the Hispanic community by increasing visibility and expanding opportunities." (Id.). Moreover, it "is committed to assuring that its members, many of whom are registered voters, have full access to the political process and the right to vote." (Id.). The Amended Complaint further alleges that "VCHA's members have had difficulty fully comprehending their votes in the November 2008 election because they were not in Spanish and/or have had difficulty participating in the Volusia County electoral process." (Id. ¶ 27).

The County argues that VCHA has not shown the three prerequisites for individual standing and thus may not sue on its own behalf. In their response memorandum, however, Plaintiffs argue only that VCHA has standing on behalf of its members, so its standing to sue on its own behalf need not be analyzed here.

The County asserts that the VCHA does not have representational standing to sue on behalf of its members because its mission pertains to cultural awareness rather than "to protect[ing] the voting rights of Puerto Rican immigrants," (Doc. 39 at 9), and because the Amended Complaint contains only bare assertions that VCHA's members have had difficulty participating in Volusia County's electoral process. Upon consideration, the Court concludes that VCHA might have standing to bring claims on behalf of its members, but the allegations of the Amended Complaint are not sufficient to establish that standing. VCHA alleges that its "members have had difficulty fully comprehending their votes" or "have had difficulty fully participating in the Volusia County electoral process," but these contentions are not the equivalent of an assertion that any of VCHA's members has been injured by a violation of § 4(e) of the Voting Rights Act. The Amended Complaint does not allege that any member of the VCHA was educated in an American-flag school where the predominant classroom

-8-

language was other than English, nor does it allege that any of the individual Plaintiffs—who do allege their educational background—is a member of the VCHA. Allegations of the former type are essential to a § 4(e) claim; that section does not provide protection to anyone whose proficiency in the English language is limited but only to those educated in certain American-flag schools. Leave will be granted for the claims to be repled so that VCHA may, if it can do so, plead representational standing sufficiently.

### D. Sufficiency of Pleading

The County has submitted affidavits and other evidence in support of its motion, and the County vigorously argues that Plaintiffs' claims are "speculative" and "unsubstantiated" "without the benefit of sworn statements." (Doc. 39 at 17). However, Plaintiffs are not required to submit sworn statements in support of their Complaint, and indeed, the Court cannot consider outside materials on a 12(b)(6) motion to dismiss without converting the motion into one for summary judgment. See Fed. R. Civ. P. 12(d) (providing that "[i]f, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," with "[a]ll parties [being] given a reasonable opportunity to present all the material that is pertinent to the motion"). The matter of whether to consider extra-pleading submissions and convert the motion is committed to this Court's discretion. Jones v. Auto. Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990). The Court exercises that discretion here by excluding the evidence and declining to convert the motion into a summary judgment motion; the facts that the County argues and seeks to establish in its motion and supporting materials are matters are for another day after the case has progressed and discovery has been

conducted. Thus, the motion will be considered only as a 12(b)(6) motion and none of the evidence submitted by the County will be taken into account.

The only question before the Court at this time is whether Plaintiffs have sufficiently pled their claim.[5]  As noted earlier, § 4(e) of the Voting Rights Act provides in pertinent that no person educated in an American-flag school "in which the predominant classroom language was other than English[] shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language." 42 U.S.C. § 1973b(e)(2).  The individual Plaintiffs allege that they were so educated and that they were effectively denied the right to cast a meaningful vote because ballot materials were provided only in English and because they sought but did not receive Spanish-language assistance.  The allegations of the Amended Complaint are sufficient to plead a claim for a violation of § 4(e).  As noted earlier, whether Plaintiffs will be able to establish their claims is a question for a later stage of the case, but Defendant's 12(b)(6) challenge fails.

---

[5] Plaintiffs argue with much vigor that the standard for a 12(b)(6) motion to dismiss is that such a motion should not be granted unless "it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims." (Doc. 42 at 10-11 (quoting Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986))). However, that standard, which originated with language in the United States Supreme Court's decision in Conley v. Gibson, 355 U.S. 41 (1957), was abrogated by the Supreme Court more than two years ago. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (abrogating Conley and noting that "[w]e could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). The correct standard is as noted in the "Legal Standard" portion of this Order.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion to Dismiss (Doc. 23) filed by Defendants Ann McFall and the Volusia County Department of Elections is **GRANTED** on the basis that these Defendants are not proper parties to this lawsuit.  The Amended Complaint (Doc. 21) is **DISMISSED insofar as it pertains to these Defendants**, and the case shall proceed against Defendant Volusia County only.

2.  Defendant Volusia County's Motion to Dismiss (Doc. 30) is **DENIED as moot** in light of the filing of Defendant Volusia County's Amended Motion to Dismiss (Doc. 39).

3.  Defendant Volusia County's Amended Motion to Dismiss (Doc. 39) is **GRANTED in part** and **DENIED in part**.  The motion is **DENIED** insofar as it pertains to the individual Plaintiffs and is **GRANTED without prejudice** insofar as it pertains to Plaintiff Volusia County Hispanic Association.  The claim of Plaintiff Volusia County Hispanic Association is **DISMISSED without prejudice**.  If Plaintiff Volusia County Hispanic Association desires to submit a Second Amended Complaint sufficiently pleading its standing to sue on behalf of its members, it shall do so **on or before Friday, September 11, 2009**.  **Failure to file a second amended complaint by that deadline will result in dismissal of the claim of Plaintiff Volusia County Hispanic Association with prejudice without further notice.**

**DONE** and **ORDERED** in Orlando, Florida this 25th day of August, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record