**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRIMILDA PEREZ-SANTIAGO, VOLUSIA COUNTY HISPANIC ASSOCIATION, JOEL ROBLES, CARMEN FORTIS, EDWIN FORTIS, AND MADELYN PEREZ,**

       **Plaintiffs,**

-vs-                                     **Case No. 6:08-cv-1868-Orl-28KRS**

**VOLUSIA COUNTY,**
       **Defendant.**

_____

## ORDER

Plaintiffs—Crimilda Perez-Santiago, Volusia County Hispanic Association, Carmen Fortis, Edwin Fortis, and Madelyn Perez[1]—bring the instant action under section 4(e) of the Voting Rights Act of 1965, as amended, codified at 42 U.S.C. § 1973b(e). Plaintiffs contend that Defendant, Volusia County, violated section 4(e) during the general election on November 4, 2008 by not providing Spanish-language assistance, including Spanish-language ballots, at its polling places.

The case is currently before the Court on the parties' cross-motions for summary judgment (Docs. 64 & 65). Responses (Docs. 84 & 83, respectively) have been filed to both motions, and the Department of Justice has, with permission of the Court, (see Docs. 81 & 82), filed a Supplemental Brief as Amicus Curiae (Doc. 88). Having considered the parties'

---

[1]The claims of Plaintiff Joel Robles have been withdrawn. (See Docs. 71, 89, & 97).

submissions and applicable law, the Court concludes that genuine issues of material fact remain as to both motions and accordingly both motions shall be denied.

## I. Background

Section 4(e) of the Voting Rights Act provides in part: "Congress hereby declares that to secure the rights under the fourteenth amendment of persons educated in American-flag schools in which the predominant classroom language was other than English, it is necessary to prohibit the States from conditioning the right to vote of such persons on ability to read, write, understand, or interpret any matter in the English language." 42 U.S.C. § 1973b(e)(1). To that end, the section further provides that "[n]o person who demonstrates that he has [been educated in an American-flag school in] the Commonwealth of Puerto Rico in which the predominant classroom language was other than English, shall be denied the right to vote in any Federal, State, or local election because of his inability to read, write, understand, or interpret any matter in the English language." 42 U.S.C. § 1973b(e)(2).

The individual Plaintiffs are residents of Volusia County who assert that they were educated in Puerto Rico in American-flag schools in which the predominant classroom language was Spanish. They allege that on November 4, 2008 they attempted to vote in the general election in Volusia County but were unable to meaningfully do so because the ballots were not translated into Spanish and they were not provided with Spanish-language assistance at the polling places. That very day, they filed this lawsuit claiming that the County's failure to provide assistance and Spanish-language ballots constitutes a violation of section 4(e) of the Voting Rights Act. (Compl., Doc. 1). It is undisputed that the County did not provide Spanish-language ballots for the November 4, 2008 election.

In its summary judgment motion, the County asserts that it provided Spanish-language assistance at polling places and that therefore it met is obligations under Section 4(e). In their motion, Plaintiffs focus on the failure of the County to provide Spanish-language ballots, asserting that such failure constitutes a violation of Section 4(e) as a matter of law.

## II. Discussion

### A. Summary Judgment Standards

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of showing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Cross motions for summary judgment do not change the standard." Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 38 (1st Cir. 2007). "'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.'" Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)). "Even where the parties file cross motions pursuant to Rule 56, summary judgment is inappropriate if disputes remain as to material facts." Id.; accord Monumental Paving & Excavating, Inc. v. Pa. Mfrs.' Ass'n Ins. Co., 176 F.3d 794, 797 (4th Cir. 1999) ("When considering motions from both parties for summary judgment, the court applies the same standard of review and so may not resolve

genuine issues of material fact. Instead, [the court must] consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard." (citations omitted)).

B. The Merits of the Parties' Motions

1. The County's Motion (Doc. 64)

In its summary judgment motion, the County asserts that it did not violate section 4(e) because it provided Spanish-language assistance at the polls on November 4, 2008. The County argues that bilingual poll workers were available at the precincts where each Plaintiff attempted to vote. Additionally, the County asserts that voting instructions and copies of the State constitutional amendments were provided in Spanish. The County also argues that Plaintiffs' assertions that they did not receive the assistance they needed are insufficient to survive summary judgment.

The matter of whether Spanish-language assistance was provided to Plaintiffs during the November 4, 2008 election cannot be determined at this stage of the case. The County has submitted affidavits attesting to its provision of Spanish-language assistance at the precincts at which Plaintiffs voted or attempted to vote, and the Plaintiffs have responded with declarations describing their experiences at the polls that day. For example, Plaintiff Crimilda Perez-Santiago states in her declaration that she "did not see any Spanish-language election[] materials or signs" and that a Spanish-speaking poll worker was unable to give her the assistance she needed in understanding the ballot. (Perez-Santiago Decl., Attach. to Doc. 84, ¶¶ 7-8). Plaintiff Carmen Fortis states in her declaration that she "did not see any signs directing [her] to Spanish language assistance[] or any Spanish-language

-4-

materials at the polling site." (Carmen Fortis Decl., Attach. to Doc. 84, ¶ 8). Plaintiff Edwin Fortis makes similar statements in his declaration. (See Edwin Fortis Decl., Attach. to Doc. 84, ¶ 7).

The Court cannot determine on this record the extent of the assistance that was available to Plaintiffs during the November 4, 2008 election. Therefore, the County's motion for summary judgment must be denied.

### 2. Plaintiffs' Motion (Doc. 65)

In their summary judgment motion, Plaintiffs ask the Court to rule as a matter of law that a Spanish-language ballot is required in order for the County to comply with section 4(e) of the Voting Rights Act. The County disputes that a Spanish-language ballot is required under this section and they also dispute whether Plaintiffs are of limited English proficiency so as to require the provision of Spanish language assistance in any event.

Genuine issues of material fact remain with regard to Plaintiff's motion. Even assuming arguendo that a Spanish-language ballot might under some circumstances be required in order for a political subdivision to comply with section 4(e), in light of the disputes regarding Plaintiffs' need for assistance and the amount of assistance that was provided, the issue of the need for Spanish-language ballots in this case cannot be determined on summary judgment. Accordingly, Plaintiffs' motion for summary judgment (Doc. 65) must be denied.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment (Doc. 64) is **DENIED**.

2. Plaintiffs' Motion for Summary Judgment (Doc. 65) is **DENIED**.

3. This case will proceed to a bench trial, which will be scheduled in a separate Order.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of March, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party